### BURCHNELL v. BARTON et

Common Pleas, Delaware Co

No 12653. Decided Mar 4, 1938

By WICKHAM, J.

Plaintiff has filed a petition against the Trustees and Clerk of Trenton Township, Delaware County, Ohio, and the Board of County Commissioners of Delaware County, Ohio, to recover damages for personal injuries sustained by him when his automobile ran into a ditch along a public highway in Trenton Township in Delaware County.

The petition alleges:

"That at all times herein referred to, all of the defendants were charged with

472

and maintained a certain public highway and thoroughfare known as state route No. 3, extending in a general easterly and westerly direction in and through said Trenton Township in said Delaware County."

The plaintiff then charges the defendants with negligence in the maintenance of the said highway in permitting ruts and depressions to form in the berm, causing injuries to the plaintiff when his car struck the same.

To this petition the defendants jointly demur, first on the ground that there is a misjoinder of parties defendant, and second, that the petition does not state a cause of action in favor of the plaintiff and against the defendants.

There is relatively little case law pertinent to the proposition before the Court, and no cases have been found that are directly in point.

On the proposition of misjoinder of parties defendant it seems clear that the demurrer should be sustained. Sec 7464 GC classifies the public highways of the state into three classes, namely, the state roads, county roads and township roads. It is provided that state roads shall include the roads and highways on the state highway system, the county roads shall include all roads which have been or may be established as part of the county system of roads, and township roads shall include all public highways of the state, other than state or county roads. The County Commissioners are charged with the maintenance of all roads in the county highway system, and the Trustees of each township are charged with maintaining all township roads within their respective townships.

Sec 7467 GC provides that the state, county and townships shall each maintain their respective roads as designated in the classification set forth in §7464 GC.

The statutes imposing liability upon county commissioners and township trustees for neglect in the maintenance of the highways within their jurisdiction, being in derogation of the common law, should be strictly construed. Sec 2408 GC imposes liability upon the Board of County Commissioners by reason of its negligence or carelessness in not keping in proper repair any public, state or county road established by said Board in its county. It has been held that this statute is not broad enough to include township roads.

Medina County v Leighty, et al, 1 C.C. (N.S.) 431.

Sec 3370 GC charges the Township Trustees with control and maintenance of township roads, and §3298-17 GC imposes liability upon the Board of Township Trustees for damages received by any person, firm or corporation by reason of the negligence or carelessness of the Board of Trustees in their discharge of its official duties. While it is true that §3298-1 GC empowers the Board of Trustees of any township to construct, reconstruct, resurface or improve any county roads or any county highway or main market road within the township provided certain preliminary proceedure is first taken, and §7464 GC empowers the County Commissioners to assist the township trustees in maintaining township roads, there is no positive duty imposed by the statutes requiring county commissioners to maintain township roads, or township trustees to maintain county roads, and under the rule of strict construction that must be given these statutes imposing liability on these various boards, we hold that there is no liability unless the board have violated some positive duty imposed by the legislature.

It therefore appears that the defendants are misjoined, and the first branch of the defendants' demurrer is accordingly sustained.

As to the second branch of the demurrer, it seems that it is necessary in order to state a cause of action against a Board of County Commissioners, that the petition must show on its face that the road in question is a county road.

Commissioners v Leighty, 1 C.C. (N.S.) 431.

Sroka v Green Cab Co, 35 Oh Ap 438.

Durrell v Traction Co, 7 N.P. (N.S.) 136.

While there are no cases to the same effect involving Boards of Township Trustees, by the same parity of reasoning it would seem that in order to state a good cause of action against a Board of Township Trustees the petition should show on its face that the road in question is a township road. The plaintiff's petition does not state whether the highway in question is a state, county or township road, and consequently does not state a cause of action against either the Board of County Commissioners or the Board of Township Trustees. Plaintiff's petition

merely says that the highway is "known as State Route Number 3", and while this can not be taken as alleging that the road is a state highway, in which case the petition would be clearly bad as against any of the defendants in this action, still the failure to allege that the road is either a county or township road makes it necessary to sustain the second branch of the defendants' demurrer.

There is still further reason why the second branch of the defendants' demurrer should be sustained. The plaintiff's petition alleges that the accident was caused by the plaintiff's automobile striking a hole, a rut or depression in the berm of the road. There is no allegation that the defendants had notice, actual  or constructive, of such a defect in the highway. The petition is therefore demurrable under the authority of **Whitney v Nehaus, 4 Oh Ap 208.**